UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

JUDGE KAPLAN

07 CIV 9314

07 CV_____

COMPLAINT

Plaintiffs,

-against-

D.J.W. COMMERCIAL FLOORING INSTALLATION, LLC,

Defendant.
------------------------------------------------------------------X

RECEIVED
OCT 17 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &

Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

D.J.W. Commercial Flooring Installation, LLC ("Employer").

### JURISDICTION

2.      This Court has subject matter jurisdiction over this proceeding pursuant to section

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant D.J.W. Commercial Flooring Installation, LLC is a foreign corporation incorporated under laws of the State of New Jersey with a principal place of business located at 80 Nassau Street, New York, NY 10038.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, D.J.W. Commercial Flooring Installation, LLC, was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2005. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger E. Maher, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated August 21, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that D.J.W. Commercial Flooring Installation, LLC had failed to make contributions due to the Benefit Funds for the period August 8, 2005 through July 27, 2006, in the principal amount of $52,131.20.

14. The arbitrator also found that D.J.W. Commercial Flooring Installation, LLC was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant, D.J.W. Commercial Flooring Installation, LLC has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against D.J.W. Commercial Flooring Installation, LLC in the principal amount of $52,131.20, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
October 17, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

Case 1:07-cv-09314-LAK   Document 1   Filed 10/17/2007   Page 5 of 10

OFFICE OF THE IMPARTIAL ARBITRATOR

ORIGINAL

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR
-----------------------------------------------------------------x
**In the matter of the Arbitration between**

The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York and Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees and Michael J. Forde as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America.

**Petitioners,**

OPINION AND
DEFAULT AWARD
OF ARBITRATOR

-against-

**D.J.W. Commercial Flooring Installations LLC,**
                    **Respondent**
-----------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 07/01/2005, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 06/11/2007, the undersigned by Notice of Hearing dated 06/26/2007, scheduled a hearing for 08/15/2007, in order to determine the dispute between the parties.

1

## OPINION

On 08/15/2007, at the place and time designated at the aforesaid Notice of Hearing, Steven Kasarda, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Respondent nor any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 07/01/2005. This Contract obligated the Respondent-Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement. In addition, it authorized the Petitioners to conduct an audit of the Respondent-Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Petitioners. In accordance with this auditing provision, an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been performed and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of 08/08/2005 through 07/27/2006. The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audits conducted were also received in evidence. The total amount of the delinquency and interest was Fifty Two Thousand One Hundred Thirty One & 20/100 dollars ($ 52,131.20). The Petitioners requested that the monies due (including delinquency assessment and interest) plus their Attorney's fee, and the fee of the Arbitrator and court costs be imposed upon the Respondent all as required and set forth in the underlying written contract. Testimony computing these amounts was received in evidence.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, D.J.W. Commercial Flooring Installations LLC, is delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency, plus an attorney's fee to the Petitioners and the fee of the undersigned Arbitrator, and court costs all in accordance with the terms and provisions of the Collective Bargaining Agreement in the following amounts:

| | | |
|---|---|---:|
| Welfare Fund………………………… | $ | 11,042.00 |
| Pension Fund………………………… | $ | 9,855.36 |
| Annuity Fund………………………… | $ | 6795.40 |
| Vacation Fund……………………….. | $ | 6,022.76 |
| AJREI Fund………………………….. | $ | 580.55 |
| Labor Management Fund…………… | $ | 232.50 |
| IBC Fund……………………………. | $ | 69.75 |
| Charity Fund………………………… | $ | 46.50 |
| Interest………………………………. | $ | 6,349.04 |
| Liquidated Assessment Damages….. | $ | 6,930.60 |
| Court Costs…………………………. | $ | 350.00 |
| Attorney's Fee……………………….. | $ | 1,500.00 |
| Arbitrator's Fee……………………… | $ | 500.00 |
| Audit Fee …………………………… | $ | 1,450.00 |
| Promo Fee ………………………….. | $ | 406.74 |
| **TOTAL** | **$** | **52,131.20** |

3

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Fifty Two Thousand One Hundred Thirty One & 20/100 dollars ($ 52,131.20) which is to be paid forthwith by D.J.W. Commercial Flooring Installations LLC with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
       August 21, 2007

_____
ROGER E. MAHER, Arbitrator

To:   Steven Kasarda, Esq.
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014

      Thomasina Caba
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014

      D.J.W. Commercial Flooring Installations LLC
      80 Nassau Street
      New York, NY 10038
      Warren Hall, Pres.

4

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

_____
ROGER E. MAHER